IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOEL LAMAR MOORE, § | |
| BOP Register No. 14862-010, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:21-cv-1301-C-BN |
| § | |
| DEWAYNE HENDRIX, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Joel Lamar Moore, a federal prisoner, was convicted of being a felon in possession of a firearm and was sentenced to 30 months of imprisonment on October 3, 2018. *See United States v. Moore*, No. 4:17CR40010-001 (W.D. Ark.) [Dkt. No. 9-1 at 12-18]. Immediately prior to Moore's transfer to federal custody on September 22, 2017, through a writ of *ad prosequendum*, he was in Texas custody following the revocation of his state parole. *See* Dkt. No. 9-1 at 1-2, ¶¶ 4-6. He was returned to Texas authorities on October 18, 2018. *See id.* at 2, ¶ 8. And he was released from state custody through mandatory supervision – and into federal custody – on May 24, 2019. *See id.*, ¶ 9.

Moore filed a *pro se* Motion for Credit for Time in Federal Custody [Dkt. No. 2], construed as an application for writ of habeas corpus under 28 U.S.C. § 2241, in the Western District of Arkansas, requesting a credit to his federal sentence for his time in federal custody from September 4, 2017 through October 12, 2018. His petition was transferred to the Eastern District of Arkansas, where Moore was then

incarcerated. *See* Dkt. No. 1. And, after the United States Attorney for that district responded to the petition, *see* Dkt. No. 9, the habeas application was transferred to this judicial district and division based on Moore's current incarceration at a residential reentry center in Grand Prairie, *see* Dkt. No. 10 (citing the immediate custodian rule); *see also, e.g., Gutierrez v. Garland*, No. 1:20-cv-141, 2021 WL 2458349, at *2 (S.D. Tex. May 19, 2021) ("The proper respondent in a § 2241 petition is by default the 'immediate custodian,' which is the 'warden of the facility where the prisoner is being held.' [And, generally, a] district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian." (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), then citing *Padilla*, 542 U.S. at 442)).

After its transfer to this Court, Senior United States District Judge Sam R. Cummings referred Moore's habeas proceeding to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).

And Moore's current challenge to the execution of his sentence, which excludes prior custody credit for the period Moore cites in his habeas application, is without merit.

> The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to

> another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence.

*Ramirez v. Upton*, No. 1:07cv961, 2010 WL 519731, at *3 (E.D. Tex. Feb. 9, 2010) (citations omitted).

Indeed, the statute applicable to pretrial jail credits provides:

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"Under this subsection, 'the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing.'" *Gibbs v. Mejia*, No. 3:15-cv-946-N-BN, 2016 WL 8711727, at *2 (N.D. Tex. Nov. 15, 2016) (quoting *United States v. Sampson*, Crim. A. No. 07-30039, 2009 WL 89637, at *1 (W.D. La. Jan. 9, 2009)), *rec. accepted*, 2016 WL 8711734 (N.D. Tex. Dec. 16, 2016); *see also United States v. Bernal-Gloria*, 732 F. App'x 322, 322 (5th Cir. 2018) (per curiam) ("[A] district court is not authorized to decide the amount of credit that a defendant receives. Rather, the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent in

custody prior to the commencement of their federal sentences." (citations omitted)).[1]

Moore was in Texas custody from his arrest, on May 10, 2017, through May 23, 2019 and was not in federal custody until May 24, 2019. *See* Dkt. No. 9-1 at 20. And state authorities credited to his state sentence his custody from May 10, 2017 to May 30, 2017, when his state parole was revoked. *See id.* Essentially, Moore was just "on loan" to federal authorities while he was in their custody and continued to serve the state sentence for violating his parole. *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) ("Because the nine months he spent in state custody between November 1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence."); *Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (per curiam) ("[B]ecause the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence." (citing *Vignera v. Attorney Gen. of the United States*, 455 F.2d 637,

---

[1] *Cf. In re U.S. Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019) ("Confusion sometimes arises ... when a defendant requests that the district court award credit for time served [prior to the date his federal sentence commences] and the court purports to grant or deny this request at sentencing. Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision. The sentencing court does 'retain residual authority' to consider a defendant's time in custody. If the court determines that the BOP will not credit a defendant's prior time served, the court can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines. But the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." (citations omitted)).

637-38 (5th Cir. 1972))).

## Recommendation

The Court should deny Petitioner Joel Lamar Moore's construed application for a writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 18, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE